■ CBS, INC., Respondent, v AUBURN PLASTICS, INC., Appellant.—Order unanimously affirmed, with costs. Memorandum: In September, 1973 defendant submitted price quotations to plaintiff for the manufacture of eight cavity molds to be used in making parts for plaintiff's toys. The quotations were apparently based on drawings or samples which plaintiff had previously submitted to defendant. The face of each price quotation was headed by the word "PROPOSAL" and specified, *inter alia,* the mold and tool charge, the number of cavities per mold, and the material to be used. The quotations further specified as to when sample parts could be submitted, when shipment could commence, and stated that "Unless accepted within 15 days from date, this proposal is not binding except at our option." Also imprinted on the face of each quotation was the following underlined sentence: "Please note that the conditions on the reverse side are made a part of this proposal and all subsequent orders." On the reverse side Condition No. 8 stated, in part, that: "In consideration of the engineering services necessary in the designing of molds and tools, the customer hereby agrees to pay Auburn Plastics, Inc., an additional charge of thirty per cent above the quoted price of sale molds and tools when and if the customer demands delivery thereof." Thereafter, in December, 1973 and January, 1974 plaintiff sent detailed purchase orders to defendant for the eight molds. The orders recited on their face that "Acceptance of this purchase order by the Vendor means that the Vendor understands and accepts all stipulations noted above." One such stipulation provided that plaintiff reserved the right to remove the molds from the defendant at any time without a withdrawal charge. The

reverse side of the purchase orders similarly recited that the molds will be subject to removal without additional cost to the buyer, and also that no modification of the conditions of the contract shall be binding upon the buyer unless made in writing and signed by the buyer's representative. In response to the purchase orders, defendant sent acknowledgements which described the molds, the price and the terms of payment and delivery essentially as contained in the purchase orders. However, the acknowledgements also stated that "This sale subject to the terms and conditions of our quotation pertinent to this sale." Thereafter plaintiff paid for the molds and ordered toy parts from the defendant which were fabricated from the molds. In May, 1978, however, as a result of defendant's announcement of a price increase, plaintiff requested delivery of the molds. Defendant refused to do so on the ground that it was entitled to a 30% engineering charge. Plaintiff obtained an order directing the Sheriff to seize the molds (see CPLR 7102). Defendant moved to quash that order and appeals from the denial of its motion. The earliest communications between the parties shown in this record are defendant's price quotations. While it appears that the quotations were sufficiently detailed and specific so as to constitute offers (see *Rochester Plumbing Supply Co. v A. Bugart, Inc.,* 49 AD2d 78; *Jorgensen Co. v Mark Constr.,* 56 Hawaii 466; *Falcon Tankers v Litton Systems,* 355 A2d 898 [Del]), plaintiff did not respond to them until months after 15 days had passed. Thus the purchase orders submitted by plaintiff did not create enforceable contracts since they had no binding effect upon defendant (see 9 NY Jur., Contracts, § 30; cf. Uniform Commercial Code, § 2-205). In our view then, plaintiff's purchase orders constituted offers to buy the molds, and defendant's acknowledgements of those orders represented its acceptance of the offers. While the acknowledgements incorporate the conditions contained in the price quotations and therefore conflict with the terms of the offers with respect to the mold acquisition charge, the acknowlegements are nonetheless operable as acceptances since they are not expressly made conditional on plaintiff's assent to the different terms (Uniform Commercial Code, § 2-207, subd [1]; see *Itoh & Co. [Amer.] v Jordan Int. Co.,* 552 F2d 1228, 1235; *Dorton v Collins & Aikman Corp.,* 453 F2d 1161, 1168; but cf. *Roto-Lith Ltd. v Bartlett & Co.,* 297 F2d 497). Whether the condition in defendant's acknowledgements calling for an additional 30% charge became a part of the contracts requires the application of subdivision (2) of section 2-207 of the Uniform Commercial Code. The parties are clearly merchants (see Uniform Commercial Code, § 2-104) and, therefore, since the purchase orders expressly limited acceptance to their terms (Uniform Commercial Code, § 2-207, subd [2], par [a]) and also because notification of objection to a withdrawal charge was implicitly given by plaintiff (Uniform Commercial Code, § 2-207, subd [2], par [c]; see Bender's UCC Service, Duesenberg & King, Sales and Bulk Transfers, § 3.03[1], pp 3-34—3-35), the provision for such a charge did not become a part of the contracts. (Appeal from order of Cayuga Supreme Court—replevin.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Witmer, JJ.