85 N.Y.2d 995 (1995)
654 N.E.2d 1208
630 N.Y.S.2d 960
In the Matter of the Arbitration between Oriskany Central School District, Appellant, and Edmund J. Booth Architects, A.I.A., Respondent, et al., Defendant.
Court of Appeals of the State of New York.
Argued May 3, 1995.
Decided June 8, 1995.
Scolaro, Shulman, Cohen, Lawler & Burstein, P. C., Syracuse (Ted H. Williams of counsel), for appellant.
Sugarman, Wallace, Manheim & Schoenwald, L. L. P., Syracuse (Samuel M. Vulcano of counsel), for respondent.
Chief Judge KAYE and Judges SIMONS, TITONE, BELLACOSA, SMITH, LEVINE and CIPARICK concur.
*996 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
On June 1, 1984, plaintiff and defendant architect entered into a contract in which defendant agreed to perform architectural services in connection with the reroofing of the Oriskany Central High School and the Oriskany Elementary School. Article 9 of the contract provided for the arbitration of any disputes within a reasonable time after a dispute arose and with the proviso that no demand for the arbitration of a dispute could be made "after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations." Paragraph 11.3 of the contract stated that the "applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than the relevant Date of Substantial Completion of the Work."
The parties agree that a six-year Statute of Limitations is applicable. Plaintiff argues that since the architect never certified that the work was substantially complete, there was no time bar when it commenced a lawsuit on April 8, 1992, alleging breach of contract for latent defects in the roof. On April 28, 1992, defendant architect served an answer which contained an affirmative defense of the Statute of Limitations and, on July 8, 1992, moved to dismiss the action on the grounds that arbitration was the appropriate remedy. Subsequently, on July 22, 1992, defendant requested that the motion to dismiss be converted into an application for an order compelling arbitration. On August 18, 1992, plaintiff cross-moved *997 to dismiss the defendant's affirmative defense of the Statute of Limitations.
On February 22, 1993, defendant architect made a written demand for arbitration. Supreme Court, on July 12, 1993, determined that the Statute of Limitations had not expired, stayed the action, and directed arbitration. The Appellate Division reversed, citing the Certificate of Suitability of December 18, 1985 and plaintiff's acceptance of the work on January 29, 1986. This Court granted leave to appeal.
We reject plaintiff's argument that the action is timely. Plaintiff and defendant signed a Certificate of Suitability and Acceptance of Building for Pupil Occupancy, dated December 18, 1985, which contained the statement, "Project was completed per drawings and specifications dated June 5, 1984 and approved Change Orders." Because no Certificate of Substantial Completion was ever issued, the Certificate of Suitability and Acceptance of Building for Pupil Occupancy was an appropriate substitute here. This certificate complied with the condition for the issuance of a Certificate of Substantial Completion in paragraph 9.8.1 of the General Conditions of the Contract for Construction, incorporated into the contract between plaintiff and defendant by paragraph 11.2, specifically, that the work be substantially complete. Paragraph 8.1.3 of the General Conditions defined the date of substantial completion as "the Date certified by the Architect when construction is sufficiently complete, in accordance with the Contract Documents, so the Owner can occupy or utilize the Work or designated portion thereof for the use for which it is intended." Moreover, an Application and Certificate for Payment, indicating that the work was complete and that final payment could be made, was signed by the architect on January 9, 1986. The President of the Board of Education and the District Superintendent of Schools also signed the "Board of Education's Acceptance of Building for Pupil Occupancy" on January 27, 1986. Since the original action was barred by the Statute of Limitations, CPLR 205 (a), which gives a plaintiff whose timely action has been dismissed without prejudice six months in which to commence another action is not applicable. Thus, this action is time-barred.
Order affirmed, with costs, in a memorandum.