■ JAMAICA HOSPITAL MEDICAL CENTER, Appellant, v CARRIER CORPORATION, Respondent, KEYSPAN CORPORATION, Appellant, et al., Defendants. [772 NYS2d 592]—

In an action, inter alia, to recover damages for breach of

contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Price, J.), dated March 25, 2002, as granted that branch of the motion of the defendant Carrier Corporation which was for summary judgment dismissing the complaint insofar as asserted against it and the defendant Keyspan Corporation separately appeals from stated portions of the same order. Motion by the defendant Keyspan Corporation for leave to withdraw its appeal.

Ordered that the motion is granted and the appeal by the defendant Keyspan Corporation is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff, with costs to the respondent.

The parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations (*see* CPLR 201; *Kassner & Co. v City of New York,* 46 NY2d 544, 550-551 [1979]; *Incorporated Vil. of Saltaire v Zagata,* 280 AD2d 547 [2001]; *Certified Fence Corp. v Felix Indus.,* 260 AD2d 338, 339 [1999]; *Krohn v Felix Indus.,* 226 AD2d 506 [1996]). "Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced" (*Timberline Elec. Supply Corp. v Insurance Co. of N. Am.,* 72 AD2d 905, 906 [1979], *affd* 52 NY2d 793 [1980]; *see Wayne Drilling & Blasting v Felix Indus.,* 129 AD2d 633, 634 [1987]).

Here, in response to the respondent's prima facie showing that the instant action was not commenced within the applicable limitations period as set forth in the parties' agreements, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.