■ SUFFOLK COUNTY WATER AUTHORITY, Respondent, v VILLAGE OF GREENPORT, Appellant. [800 NYS2d 767]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated May 3, 2004, which, inter alia, denied its motion for summary judgment and granted that branch of the plaintiff's cross motion which was for summary judgment to recover one half of the revenues received under the September 1, 2001, renewal of a certain AT&T lease, after reimbursement of attendant costs, if any.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties do not contend that their written contract was incomplete and that there was no meeting of the minds. Rather, they disagree as to what constitutes the plain meaning of their written contract. Whether an agreement is ambiguous is a question of law for the courts to be determined in examining the four corners of the writing, not outside sources (*see Kass v Kass,* 91 NY2d 554, 566 [1998]). The determination of the Supreme Court in the plaintiff's favor is consistent with the plain meaning of the written agreement and basic principles of contract construction that an interpretation which renders language in the contract superfluous is unsupportable (*see Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y.,* 94 NY2d 398, 404 [2000]). Adams, J.P., Ritter, Goldstein and Fisher, JJ., concur.