In an action, inter alia, to recover for goods had and received and on an account stated, the defendants appeal from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated August 9, 2011, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) and (5).
Ordered that the order is affirmed, with costs.
In October 2009, the plaintiff commenced this action against the defendants, inter alia, to recover for goods had and received and on an account stated. The defendants then moved to dismiss the complaint pursuant to CPLR 3211 (a) (4) and (5). The defendants contended that in March 2007, in the Civil Court of *886 the City of New York, Kings County, the plaintiff had commenced an action (hereinafter the Civil Court action), which was still pending in October 2009, against them alleging the same causes of action with substantially the same parties. The defendants further asserted that the complaint was barred by the six-year statute of limitations (see CPLR 213). The Supreme Court denied the defendants’ motion. The defendants appeal, and we affirm.
“Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same” (DAIJ, Inc. v Roth, 85 AD3d 959, 959 [2011]; see Whitney v Whitney, 57 NY2d 731, 732 [1982]). Here, the Supreme Court providently exercised its discretion in denying that branch of the defendants’ motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4), since, among other reasons, this action and the Civil Court action did not have substantially the same parties (see CPLR 3211 [a] [4]; Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 790 [2011]).
In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 850 [2011]). Here, the complaint alleges that the causes of action accrued in March 2006, and this action was commenced in November 2009, within the relevant limitations period (see CPLR 213 [1]). The defendants failed to meet their prima facie burden of demonstrating that the complaint was time-barred. The defendants’ reliance upon certain allegations, asserted in the complaint in the Civil Court action, is without merit. Thus, the Supreme Court properly denied that branch of the defendants’ motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.