■ THOMAS HUNT, Respondent, v RAYMOUR & FLANIGAN, Appellant, et al., Defendant. [963 NYS2d 722]—

In an action, inter alia, to recover damages for employment discrimination and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the defendant Raymour & Flanigan appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 17, 2012, as denied those branches of its motion which were pursuant to CPLR 3211 (a) to dismiss the first and second causes of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the motion of the defendant Raymour & Flanigan which were to dismiss the first and second causes of action insofar as asserted against it are granted.

On December 27, 2007, the plaintiff signed an application for employment (hereinafter the employment application) with the defendant Raymour & Flanigan (hereinafter R & F) which provided that "any claim or lawsuit relating to [his] service with [R & F] must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit." Pursuant to the employment application, the plaintiff agreed that he waived any statute of limitations to the contrary. Thereafter, the plaintiff was employed by R & F from January 2008 until his employment was terminated on February 4, 2011.

On or about November 22, 2011, more than six months after his employment was terminated, the plaintiff commenced this action, inter alia, to recover damages for employment discrimination and retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107 against R & F and one of R & F's vice presidents. R & F moved pursuant

to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. The Supreme Court, inter alia, denied those branches of R & F's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against it.

As an initial matter, since R & F, in its notice of appeal, limited the scope of its appeal to so much of the order as denied those branches of its motion which were to dismiss the first and second causes of action, R & F's contentions on appeal that the third and fourth causes of action should have been dismissed are not properly before this Court (*see* CPLR 5515 [1]; *Hatem v Hatem*, 83 AD3d 663, 664 [2011]; *Paterno v Carroll*, 75 AD3d 625, 629 [2010]; *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 516-517 [1997]).

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), "dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, R & F submitted documentary evidence in the form of the employment application, which demonstrated that the plaintiff contractually agreed to commence any claim or lawsuit against R & F no more than six months after the date of the employment action that was the subject of the claim or lawsuit. "The parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations" (*Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d 442, 443 [2004]; *see* CPLR 201; *John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550-551 [1979]). " 'Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced' " (*Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d at 443, quoting *Timberline Elec. Supply Corp. v Insurance Co. of N. Am.*, 72 AD2d 905, 906 [1979], *affd* 52 NY2d 793 [1980]). The plaintiff's contentions that the shortened limitations period set forth in the employment application was not applicable or was unenforceable are without merit. Accordingly, since the plaintiff commenced this action more than six months after the date his employment was terminated, the first and second causes of action insofar as asserted against R & F should have been dismissed pursuant to CPLR 3211 (a) (1).

The parties' remaining contentions are either without merit or academic in light of our determination. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.