■ Dyrick John, Respondent, v State Farm Mutual Automobile Insurance Company, Appellant. [983 NYS2d 883]—

In an action, inter alia, to recover damages for breach of an insurance policy, the defendant appeals from an order of the

Supreme Court, Kings County (Bunyan, J.), dated January 30, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On or about February 1, 2010, a vehicle owned by the plaintiff was stolen. The vehicle was insured by a policy of insurance issued by the defendant. After the defendant denied coverage for the claim, the plaintiff commenced this action on or about June 27, 2011, inter alia, to recover damages for breach of the subject insurance policy. Thereafter, the defendant moved for summary judgment dismissing the complaint based upon the plaintiff's failure to timely commence this action under the terms of the insurance policy. In an order dated January 30, 2013, the Supreme Court denied the defendant's motion.

"The parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations. Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced" (*Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d 442, 443 [2004] [internal quotation marks and citations omitted]; *see Hunt v Raymour & Flanigan*, 105 AD3d 1005, 1006 [2013]; *Timberline Elec. Supply Corp. v Insurance Co. of N. Am.*, 72 AD2d 905, 906 [1979], *affd* 52 NY2d 793 [1980]). "Where the party against which an abbreviated Statute of Limitations is sought to be enforced does not demonstrate duress, fraud, or misrepresentation in regard to its agreement to the shortened period, it is assumed that the term was voluntarily agreed to" (*Matter of Incorporated Vil. of Saltaire v Zagata*, 280 AD2d 547, 548 [2001]; *see Krohn v Felix Indus.*, 226 AD2d 506 [1996]; *Wayne Drilling & Blasting v Felix Indus.*, 129 AD2d 633, 634 [1987]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, among other things, the subject insurance policy, which demonstrated that the one-year limitations period found in the insurance policy expired prior to the commencement of this action (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967-968 [1988]; *1840 Concourse Assoc., LP v Praetorian Ins. Co.*, 89 AD3d 592 [2011]; *Minichello v Northern Assur. Co. of Am.*, 304 AD2d 731, 732 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66

NY2d 820, 822 [1985]; *Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d at 443; *cf. Executive Plaza, LLC v Peerless Ins. Co.*, 22 NY3d 511 [2014]). Specifically, the plaintiff's contention before the Supreme Court that the defendant should be estopped from asserting the limitations period in the insurance policy is without merit. The plaintiff did not offer evidence that the defendant's conduct lulled him into inactivity based on a belief that his claim would ultimately be processed, or that he was "induced by fraud, misrepresentation or deception to refrain from commencing a timely action" (*Minichello v Northern Assur. Co. of Am.*, 304 AD2d at 732 [internal quotation marks omitted]; *see Garcia v Peterson*, 32 AD3d 992, 993 [2006]; *Brown v Royal Ins. Co. of Am.*, 210 AD2d 279 [1994]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Dickerson, Roman and Miller, JJ., concur.