■ CIVES CORPORATION, Appellant, v GEORGE A. FULLER COMPANY, INC., et al., Respondents. [1 NYS3d 221]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated March 15, 2013, as granted the motion of the defendant George A. Fuller Company, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court entered May 7, 2013, which, upon the order, and upon, in effect, searching the record and awarding summary judgment to the defendant Liberty Mutual Insurance Company dismissing the complaint insofar as asserted against that de-

fendant, is in favor of the defendants and against it dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion of the defendant George A. Fuller Company, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied, the complaint is reinstated against the defendants, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a]).

The defendant George A. Fuller Company, Inc. (hereinafter Fuller), was the general contractor on a construction project known as the Concord Hotel & Casino-Retail-Event Center-Ballroom, located in Kiamesha Lake (hereinafter the Project). On October 30, 2008, the plaintiff, Cives Corporation (hereinafter Cives), entered into a contract with Fuller to provide labor and materials for the Project. The contract provided, inter alia, that "[n]o action on the contract may be brought by [Cives] after the expiration of one (1) year from the date that [Cives] ceases work on the project." The defendant Liberty Mutual Insurance Company (hereinafter Liberty) allegedly issued a performance bond in connection with the Project, guaranteeing Fuller's obligation under the contract. After Fuller allegedly failed to pay for labor and materials on the Project, Cives filed a mechanic's lien on May 1, 2009, in the sum of $8,952,294, representing the alleged total cost of work performed through April 23, 2009.

On May 18, 2010, Cives commenced this action, inter alia, to recover damages for breach of its contract with Fuller. Thereafter, Fuller moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, among other things, that the action was not timely commenced within one year from the date that Cives ceased work on the Project, which Fuller alleged was on or before April 23, 2009. In opposition, Cives submitted a "Job Cost Report," which, according to Lawrence J. Morgan, the president and general manager of the New England Division of Cives, demonstrated that Cives performed certain work on the Project during the week of May 18, 2009, through May 24, 2009, and thus within one year prior

to the commencement of the action. In an order dated March 15, 2013, the Supreme Court, among other things, granted Fuller's motion for summary judgment dismissing the complaint insofar as asserted against it. In a judgment entered May 7, 2013, upon the order, the Supreme Court dismissed the complaint against both the defendants. Cives appeals.

Fuller made a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that the one-year limitations period set forth in the contract expired prior to the commencement of this action (*see John v State Farm Mut. Auto. Ins. Co.*, 116 AD3d 1010, 1011 [2014]; *Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d 442, 443 [2004]). However, in opposition, Cives raised triable issues of fact as to whether it performed work on the Project during the week of May 18, 2009, through May 24, 2009, and thus within one year prior to commencement of the action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Specifically, the Job Cost Report submitted by Cives demonstrated that time was billed on the Project during that week under various "Code[s]," which corresponded to certain work titles, including "Welder." Further, Morgan testified at his deposition that the Job Cost Report was prepared "contemporaneously with when . . . the work was performed," and that if it included a "welder code, then [a worker] was obviously welding on [the] [P]roject." Thus, there are triable issues of fact as to whether Cives performed welding and other work on the Project within one year prior to commencement of the action and, thus, whether the action was timely commenced, whether Fuller may be held liable under the contract, and whether Liberty may be liable on the performance bond.

The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.

Accordingly, the Supreme Court erred in granting Fuller's motion for summary judgment dismissing the complaint insofar as asserted against it and, in effect, searching the record and awarding summary judgment to Liberty dismissing the complaint insofar as asserted against it, and thereupon dismissing the complaint against both of the defendants. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.