■ STATE OF NARROW FABRIC, INC., as Successor in Interest to BEECH ISLAND KNITTING COMPANY, Respondent, v UNIFI, INC., et al., Appellants. [5 NYS3d 512]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated April 12, 2013, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint is granted.

In October 2012, the plaintiff commenced this action against the defendants alleging, among other things, that between April 2008 and August 2010, the defendants breached the parties' contract by supplying the plaintiff with yarn that differed from the yarn that it had ordered. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, relying on a contractual one-year limitation period.

" 'In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired' " (*QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d 56, 65 [2013], quoting *A.F. Rockland Plumbing Supply Corp. v Hudson Shore Associated Ltd. Partnership*, 96 AD3d 885, 886 [2012]; *see J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652, 653 [2014]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendant" (*QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d at 65; *see J.A. Lee Elec., Inc. v City of New York*, 119 AD3d at 653).

While UCC 2-725 (1) generally provides that a cause of action alleging breach of a sales contract must be commenced within four years after it has accrued, that provision also allows the parties to a sales contract to "reduce the period of limitation to not less than one year" (UCC 2-725 [1]; *see Rini v Kenn-Schl, LLC*, 64 AD3d 988, 989 [2009]; *Gruet v Care Free Hous. Div. of Kenn-Schl Enters.*, 305 AD2d 1060, 1061 [2003]). Here, the defendants met their initial burden by demonstrating that their invoices containing the one-year limitation period constituted an acceptance that, together with the plaintiff's purchase order, was effective in forming a contract, and that the one-year limitation period, an additional term set forth in the invoices, was presumed to have become part of this contract between the parties unless one of the three exceptions in UCC 2-207 (2) applied (*see* UCC 2-207 [1], [2]; *Bayway Ref. Co. v Oxygenated Mktg. & Trading A.G.*, 215 F3d 219, 223 [2d Cir 2000]; *see also CBS, Inc. v Auburn Plastics*, 67 AD2d 811 [1979]; *Dorton v Collins & Aikman Corp.*, 453 F2d 1161, 1167-1168 [6th Cir 1972]). It is undisputed that the plaintiff's action

was not commenced within one year from the alleged breach, as required by the additional term. The burden then shifted to the plaintiff, as the party opposing the inclusion of the additional term, to raise a question of fact as to whether one of the three exceptions under UCC 2-207 (2) was applicable (*see Orkal Indus., LLC v Array Connector Corp.*, 97 AD3d 555, 556 [2012]; *see also Coosemans Specialties, Inc. v Gargiulo*, 485 F3d 701, 708 [2d Cir 2007]; *Bayway Ref. Co. v Oxygenated Mktg. & Trading A.G.*, 215 F3d at 223). The plaintiff failed to satisfy its burden.

Contrary to the plaintiff's contention, the abbreviated period of limitation was not against public policy (*see* CPLR 201; UCC 2-725 [1]; *see generally John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550-551 [1979]). " 'Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced' " (*John v State Farm Mut. Auto. Ins. Co.*, 116 AD3d 1010, 1011 [2014], quoting *Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d 442, 443 [2004]; *see John J. Kassner & Co. v City of New York*, 46 NY2d at 550-551). " 'Where the party against which an abbreviated Statute of Limitations is sought to be enforced does not demonstrate duress, fraud, or misrepresentation in regard to its agreement to the shortened period, it is assumed that the term was voluntarily agreed to' " (*John v State Farm Mut. Auto. Ins. Co.*, 116 AD3d at 1011, quoting *Matter of Incorporated Vil. of Saltaire v Zagata*, 280 AD2d 547, 548 [2001]; *see Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d at 443; *Diana Jewelers of Liverpool v A.D.T. Co.*, 167 AD2d 965, 965 [1990]).

Here, the plaintiff failed to allege or demonstrate duress, fraud, or misrepresentations with respect to its agreement to the abbreviated period of limitations. Moreover, to the extent that the plaintiff relied on the doctrine of equitable estoppel, it did not allege any specific actions by the defendants that kept it from commencing this action within the contractual one-year period (*see Nichols v Curtis*, 104 AD3d 526, 528 [2013]; *McCormick v Favreau*, 82 AD3d 1537, 1540 [2011]; *cf. Paterra v Nationwide Mut. Fire Ins. Co.*, 38 AD3d 511, 512 [2007]).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

In light of the foregoing determination, we need not reach the parties' remaining contentions. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.