■ STEVEN BATALES, Appellant, v EVGENY FRIEDMAN, Respondent. [41 NYS3d 275]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated May 7, 2014, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant are parties to a contract whereby the plaintiff, along with other shareholders of three corporations, agreed to sell their shares of those corporations' stock to the defendant in exchange for $5.7 million, subject to certain adjustments. The contract provided, among other things, that "the warranties, covenants and representations contained in this Agreement shall survive the delivery of the shares of stock of the Corporations until six months after the date of closing, an [sic] no action based on any warranty, covenant or representation contained in this Agreement shall be commenced thereon after such date." A closing was held on July 31, 2008, at which the contract price, after the adjustments, was determined to be $5,148,474. Unbeknownst to the plaintiff, at the closing, the defendant tendered checks totaling only $4,730,547.57, leaving a deficit of $417,926.43. The transaction was otherwise completed on that date. The plaintiff learned of the deficit within one week of the closing. In May 2012, the plaintiff commenced the instant action against the defendant alleging breach of contract. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint on the ground that the action was time-barred. The Supreme Court, inter alia, granted the defendant's cross motion.

"Parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations" (*City of Yonkers v 58A JVD Indus., Ltd.*, 115 AD3d 635, 637 [2014]; *see* CPLR 201; *John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550-551 [1979]; *Hunt v Raymour & Flanigan*, 105 AD3d 1005, 1006 [2013]). To be enforceable, such provision must be clear and unambiguous (*see Smile Train, Inc. v Ferris Consulting Corp.*, 117 AD3d 629, 630 [2014]). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). " 'Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced' " (*Matter of Incorporated Vil. of Saltaire v*

*Zagata*, 280 AD2d 547, 547-548 [2001], quoting *Timberline Elec. Supply Corp. v Insurance Co. of N. Am.*, 72 AD2d 905, 906 [1979], *affd* 52 NY2d 793 [1980]; *see State of Narrow Fabric, Inc. v UNIFI, Inc.*, 126 AD3d 881, 883 [2015]; *John v State Farm Mut. Auto. Ins. Co.*, 116 AD3d 1010, 1011 [2014]; *Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d 442 [2004]).

The defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff commenced this action after the expiration of the limitations period contained in the contract (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Contrary to the plaintiff's contention, the plain language of the provision limiting the time period to bring an "action based on any warranty, covenant or representation contained in this Agreement" is clear and unambiguous, and applies to the defendant's covenant to pay (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). This interpretation is consistent with the plain meaning of the contract and basic principles of contract construction that an interpretation which renders language in the contract superfluous cannot be supported (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Suffolk County Water Auth. v Village of Greenport*, 21 AD3d 947, 948 [2005]).

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d 442 [2004]). The plaintiff's contentions regarding waiver, equitable estoppel, and unclean hands are improperly raised for the first time on appeal. Accordingly, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint as time-barred. Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.