■ PRECISION WINDOW SYSTEMS, INC., Appellant, v EMB CONTRACTING CORP., Respondent. [53 NYS3d 80]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated March 5, 2015, which granted the defendant's cross motion for summary judgment dismissing the complaint as time-barred and denied, as academic, its motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The defendant, EMB Contracting Corp. (hereinafter EMB), entered into a contract with the New York City School Construction Authority (hereinafter the SCA) to do construction work at the George Wingate High School located in Kings County (hereinafter the Project). On May 12, 2005, EMB entered into a $1.3 million subcontract with the plaintiff, Precision Window Systems, Inc. (hereinafter Precision), which provided, in relevant part, that any action by Precision against EMB "shall be commenced within one year after the date of filing by the owner of a certificate of *the completion and acceptance of the work* performed under the general contract or the issuance of a final certificate of occupancy, whichever occurs first" (emphasis added). Precision completed its work under the subcontract in June 2008, and, on May 7, 2009, the SCA issued a document entitled "Notice of Transfer" stating, inter alia, that the project "has been completed."

On or about April 25, 2012, Precision commenced an action against EMB to recover an outstanding balance of $48,668.80

owed to it under the subcontract, which was dismissed without prejudice by order of the Supreme Court dated October 4, 2012. On December 11, 2012, Precision commenced this action against EMB, again seeking to recover unpaid money due under the subcontract. EMB moved pursuant to CPLR 3211 (a) to dismiss the complaint as time-barred. In an order dated July 8, 2013, the court, inter alia, denied EMB's motion to dismiss.

Following discovery, Precision moved for summary judgment on the complaint and for an award of $50,668.82, plus interest. EMB cross-moved for summary judgment dismissing the complaint as time-barred. In the order appealed from, the Supreme Court granted EMB's cross motion for summary judgment dismissing the complaint as time-barred, and denied Precision's motion for summary judgment on the complaint as academic.

Even assuming that the law of the case doctrine is applicable here, as Precision contends, "the law of the case doctrine does not bind an appellate court" (*Brown-Jodoin v Pirrotti*, 138 AD3d 661, 663 [2016]), and we will consider EMB's cross motion on the merits.

The Supreme Court properly determined that EMB met its prima facie burden on its cross motion for summary judgment dismissing the complaint as time-barred (*see Javaid v Jajoo*, 127 AD3d 1027, 1028 [2015]). The parties specified in their subcontract, inter alia, that the one-year limitations period would begin to run on "the date of filing by the owner of a certificate of the completion and acceptance of the work performed under the general contract." Although not denominated as a certificate of completion and acceptance of the work, the Notice of Transfer dated May 7, 2009, served the same essential function and is entitled to the same legal effect (*see Matter of Oriskany Cent. School Dist. [Booth Architects]*, 85 NY2d 995, 997 [1995]). The notice specifically references EMB's general contract with the SCA, the contract number, the name of the project, states that all work relating to the project is complete, and provides that the project will be transferred from the SCA's jurisdiction back to the Department of Education.

In opposition, Precision failed to raise a triable issue of fact as to whether the limitations period was tolled or otherwise inapplicable (*see Xiu Jian Sun v Wuhua Jing*, 136 AD3d 613, 614 [2016]).

Accordingly, the Supreme Court properly granted EMB's cross motion for summary judgment dismissing the complaint as time-barred, and denied Precision's motion for summary

judgment on the complaint as academic. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.