Bernice Watkins, Appellant,
against
Allstate Insurance Co. and John Lepore, Respondents.




Bernice Watkins, appellant pro se.
Lewis, Johs, Avallone & Aviles, LLP (Amanda C. Dickens, Esq.) for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered May 9, 2016. The order granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).




ORDERED that the order is affirmed, without costs.
In September 2015, plaintiff commenced this breach of contract action after defendant Allstate Insurance Company had failed to compensate her, under the terms of her homeowner's insurance policy, for damage Superstorm Sandy had caused to her garage in October 2012. Defendant John Lepore is the Allstate insurance agent named on the policy. Defendants moved to dismiss the complaint, pursuant to CPLR 3211 (a) (5), on the grounds that plaintiff had failed to timely commence the action within the two-year limitation period provided under the terms of the insurance policy, and that plaintiff had released defendants from any liability. The Civil Court, by order entered May 9, 2016, granted the branch of defendants' motion seeking dismissal on the ground that the action had not been timely commenced.
Although CPLR 213 (2) provides that a cause of action for breach of contract must be commenced within six years after the cause of action has accrued, "an agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable" (John J. Kassner & Co. v City of New York, 46 NY2d 544, [*2]551 [1979]; see also Vaccaro v New York Cent. Mut. Fire Ins. Co., 116 AD3d 839, 840 [2014]; Blanar v State Farm Ins. Co., 34 AD3d 1333 [2006]; Notaro v Allstate Ins. Co., 17 Misc 3d 136[A], 2007 NY Slip Op 52283[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). "Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced" (Jamaica Hosp. Med. Ctr. v Carrier Corp., 5 AD3d 442, 443 [2004]; see also Matter of Incorporated Vil. of Saltaire v Zagata, 280 AD2d 547, 548 [2001] ["(w)here the party against which an abbreviated Statue of Limitations is sought to be enforced does not demonstrate duress, fraud, or misrepresentation in regard to its agreement to the shortened period, it is assumed that the term was voluntarily agreed to"]).
Defendants' motion papers established that, pursuant to the terms of the insurance policy, plaintiff had two years from the date of Superstorm Sandy, in October 2012, to commence an action to recover for damage to her property, and that the time period had elapsed by the time plaintiff had commenced this action in September 2015 (see State of Narrow Fabric, Inc. v UNIFI, Inc., 126 AD3d 881, 882 [2015]; QK Healthcare, Inc. v InSource, Inc., 108 AD3d 56, 65 [2013]; A.F. Rockland Plumbing Supply Corp. v Hudson Shore Associated Ltd. Partnership, 96 AD3d 885, 886 [2012]). Plaintiff's opposition papers failed to raise a triable issue of fact, inasmuch as she did not show that the two-year statute of limitations was unreasonable, inapplicable or had been tolled (see State of Narrow Fabric, Inc. v UNIFI, Inc., 126 AD3d at 882; QK Healthcare, Inc. v InSource, Inc., 108 AD3d at 65; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358, 1359 [2011]). Consequently, the Civil Court properly granted defendants' motion to dismiss the complaint on the ground that the action is time-barred.
Accordingly, the order is affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017