D. Gangi Contr. Corp. v City of New York (2020 NY Slip Op 04378)





D. Gangi Contr. Corp. v City of New York


2020 NY Slip Op 04378


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-02885
 (Index No. 150177/15)

[*1]D. Gangi Contracting Corp., respondent, 
v
City of New York, et al., appellants.


James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Eric Lee of counsel), for appellants.
De Luca & Forster, Valatie, NY (Thomas G. De Luca of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated January 11, 2018. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated June 23, 2017, denying the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order dated January 11, 2018, is reversed insofar as appealed from, on the law, with costs, the determination in the order dated June 23, 2017, denying the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is vacated, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff commenced this action, inter alia, to recover damages for breach of a construction contract. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated June 23, 2017, the Supreme Court denied the motion. Thereafter, the defendants moved for leave to reargue their prior motion. In an order dated January 11, 2018, the court, upon reargument, adhered to its prior determination denying the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The defendants appeal from the order dated January 11, 2018.
The Supreme Court, upon reargument, should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The defendants established, prima facie, that this action was not commenced within the limitations period set forth in the contract for breach of contract claims (see Matter of Oriskany Cent. School Dist. [Booth Architects], 85 NY2d 995, 997; see also Precision Window Sys., Inc. v EMB Contr. Corp., 149 AD3d 883; State of Narrow Fabric, Inc. v UNIFI, Inc., 126 AD3d 881; Hunt v Raymour & Flanigan, 105 AD3d 1005; Jamaica Hosp. Med. Ctr. v Carrier Corp., 5 AD3d 442). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the action was actually commenced within the period propounded by the defendants.
Moreover, to the extent that the complaint seeks recovery in quantum meruit, it should have been dismissed since "the existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter" [*2](EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388; R & B Design Concepts, Inc. v Wenger Constr. Co., Inc., 153 AD3d 864, 865).
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court