| |
|---|
| **Curtis v Mariano** |
| 2020 NY Slip Op 35564(U) |
| August 19, 2020 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 31751/2019E |
| Judge: Kenneth L. Thompson, Jr. |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

*Disposed*
*Statute Exceeded*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX IA 20_____X

RHOVAN CURTIS,

                                    Plaintiff,

        -against-

ROBERT MARIANO, CHRISTINA SMALLS;
ALFREDO FLORES PEREZ; SCOTT DOE; ARTHUR
DOE; RESTAURANT DEPOT LLC; JETRO
HOLDINGS, LLC; JETRO CASH AND CARRY
ENTERPRISES, LLC, and JOHN DOES 1-10 (the
names "Doe" and "John Doe" being fictitious as the true
names are presently unknown),

                                    Defendants

_____X

Index No: **31751/2019E**

**DECISION AND ORDER**

**Present:**
**HON. KENNETH L. THOMPSON, JR.**

The following papers numbered 1 to **3** read on this **motion to dismiss**

| No    On Calendar of **June 30, 2020** | PAPERS NUMBER |
|---|---|
| Notice of Motion-Order to Show Cause - Exhibits and Affidavits Annexed------------------ | 1 |
| Answering Affidavit and Exhibits-------- ------------------------------------------------------------ | 2 |
| Replying Affidavit and Exhibits------------------------------------------------------------------ | 3 |

Upon the foregoing papers and due deliberation thereof, the Decision/Order on this motion is as follows:

Defendants move pursuant to CPLR 3211(a)(1) and (a)(5) to dismiss the complaint or in the alternative, compelling arbitration and staying the proceeding pursuant to CPLR 7503(a), and the Federal Arbitration Act, (FAA). Plaintiff was a Supervising Manager for defendant Jetro Holdings, LLC, who was hired on October 16, 2018 and was terminated on November 6, 2018. Plaintiff commenced this action on October 7, 2019 alleging employment discrimination on the basis of his color, race, alienage, national origin and citizenship status, as well as retaliation under the New York State Human Rights Law, (NYSHRL) and the New York City Administrative Code, (NYCHRL).

However, plaintiff signed an arbitration agreement on the date of his hiring, October 16, 2018, in which the parties agreed that the exclusive method for

[* 1]

resolving disputes in general and specifically claims of discrimination, harassment or retaliation, would be arbitration. Under the terms of the arbitration agreement plaintiff had a one year filing period to submit any claim to arbitration and waived any statute of limitations applicable to this claim to the extent that is greater than one year.[1] Plaintiff argues that the arbitration agreement is null and void pursuant to CPLR 7515 and argues that the agreement is both substantively and procedurally unconscionable.

CPLR 7515

CPLR 7515(4)(i) provides that "except where inconsistent with federal law, no written contract, entered into on or after the effective date of this section shall contain a prohibited clause." A prohibited clause "shall mean any clause or provision in any contract which requires as a condition of the enforcement of the contract or obtaining remedies under the contract that the parties submit to mandatory arbitration to resolve any allegation or claim of discrimination, in violation of laws prohibiting discrimination, including but not limited to, article 15 of the executive law." CPLR(a)(3).

CPLR 7515 is inapplicable to this action on two separate grounds. The effective date of CPLR 7515 was October 11, 2019. The subject arbitration agreement was entered into on October 16, 2018 nearly a year prior to the effective date. Therefore, CPLR 7515 is inapplicable to this action.

Secondly, on separate grounds, "'[t]he Federal Arbitration Act requires courts to enforce covered arbitration agreements according to their terms.' Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1412 (2019)." (*Latif v. Morgan Stanley &*

---

[1] Arbitration Agreement, dated October 16, 2018, Scope of Arbitration Obligation (c).

2

*Co. LLC*, No. 18CV11528 (DLC), 2019 WL 2610985 [S.D.N.Y. June 26, 2019]).

Section 2 of the FAA provides that "a written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of **any contract**." (emphasis added).  Since CPLR 7515 provides a defense to mandatory arbitration agreements in discrimination actions only, and therefore does not apply to "**any contract**," CPLR 7515 is inapplicable to the subject arbitration agreement.  "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA. *Preston v. Ferrer,* 552 U.S. 346, 353, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008)."  (*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 [2011]).

## PROCEDURAL AND SUBSTANTIVE UNCONSCIONABILITY

Plaintiff argues that this action is substantively unconscionable as the arbitration agreement reduces the statute of limitations from three years to a one year filing period in this discrimination action.  However, the "parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations" (*Jamaica Hosp. Med. Ctr. v Carrier Corp.*, 5 AD3d 442, 443 [2004]; *see* CPLR 201; *John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550-551 [1979]).

...The plaintiff's contentions that the shortened limitations period set forth in the

3

[* 3]

employment application was not applicable or was unenforceable are without merit." (*Hunt v. Raymour & Flanigan*, 105 A.D.3d 1005, 1006 [2nd Dept 2013]). In *Hunt*, the statute of limitations of the Human Rights Law claims were shortened to six months from three years, substantially shorter than the statute of limitations stated in the arbitration agreement herein.

With respect to procedural unconscionability plaintiff avers that on the start date of his job he was "pressured to sign the documents as soon as possible, without any explanation as to the nature of the document I was asked to sign."[2] I was told to either take or leave the job. In *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 122 [2d Cir. 2010]), plaintiff similarly "was offered the arbitration agreement "on a 'take it or leave it' basis.'" *Id.* at 122. The Ragone Court held that "it is plain that "this is not sufficient under New York law to render the [arbitration] provision procedurally unconscionable." *Id.* at 122.

The following facts for a similarly situated plaintiff are instructive:

Acevedo claims that she was not given an opportunity to review the Agreement on her own or with counsel and she was unaware that she had signed away any rights. Acevedo also claims that she was not provided an explanation of the purpose of the document and was not told that she could decline signing it if she still wished to work for defendants. Such claims are insufficient to show that she signed the Agreement under deceptive or high-pressured tactics, or that the Agreement contains fine print, or that Acevedo lacked experience and education, or that there was a disparity in bargaining power (*see Gillman*, 73 N.Y.2d at 11, 537 N.Y.S.2d 787, 534 N.E.2d 824; *see also, Dabriel, Inc. v. First Paradise Theaters Corp.*, 99 A.D.3d 517, 952 N.Y.S.2d 506 [1st Dept 2012] ("[p]laintiffs were free to walk

---

[2] Plaintiff's affidavit dated, February 20, 2020, par. 7.

[* 4]

away from the lease negotiations at any time and rent space elsewhere")).

(*Acevedo v. Silk Corp.*, No. 153421/2016, 2017 WL 1345589 [(N.Y. Sup. Ct. Apr. 12, 2017]).

Therefore, the arbitration agreement executed on October 16, 2018, is in full force and effect, and plaintiff has exceeded the one-year filing period provided in the arbitration agreement.

Accordingly, defendants'' motion is granted and the complaint is hereby dismissed.

The foregoing constitutes the decision and order of the Court.

The Clerk of the Court is directed to enter the judgment accordingly.

Dated: 8/19/2020

_____
KENNETH L. THOMPSON JR. J.S.C.

5

[* 5]