Smile Train, Inc., Appellant, v Ferris Consulting Corp. et al., Respondents. Smile Train, Inc., Appellant, v Ferris Consulting Corp. et al., Defendants. Brian Mullaney, Nonparty Respondent. [986 NYS2d 473]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered February 25, 2013, which, to the extent appealed from, granted defendants' motion to dismiss the amended complaint pursuant to CPLR 3211 (a) (1), unanimously affirmed, without costs. Order, same court and Justice, entered September 16, 2013, which granted the motion of nonparty Brian Mullaney to quash plaintiff's subpoena, unanimously modified, on the law and in the exercise of discretion, to deny that motion but to grant his motion, in the alternative, for a protective order, to the extent of limiting discovery to defendants' allegedly poor performance of their contract with plaintiff prior to Mullaney's resignation as plaintiff's president in late October 2010, and as so modified, affirmed, without costs.

"[A]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable provided it is in writing" (*John J. Kassner & Co. v City of New York*, 46 NY2d 544, 551 [1979] [citations omitted]). In addition, it must not be "so vague and ambiguous that it is unenforcible" (*Matter of Brown & Guenther [North Queensview Homes]*, 18 AD2d 327, 330 [1st Dept 1963]). Contrary to plaintiff's claim, section 18 of the contract between it and defendant Ferris Consulting Corp. is not so vague and ambiguous as to be unenforcible.

We also disagree with plaintiff's contention that section 18 does not apply to its claim for breach of the implied covenant of good faith and fair dealing. It is true that *I.C.C. Metals v Municipal Warehouse Co.* (50 NY2d 657 [1980]) says that a party may not limit its liability for an intentional tort (*see id.* at 663). However, breach of the implied covenant of good faith and fair dealing is not a tort; rather, it "is a contract claim" (*Deloitte [Cayman] Corporate Recovery Servs., Ltd. v Sandalwood Debt Fund A, LP*, 31 Misc 3d 1225[A], 2011 NY Slip Op 50849[U], *3 [Sup Ct, NY County 2011]; *see also Canstar v Jones Constr. Co.*, 212 AD2d 452, 453 [1st Dept 1995] ["a breach of an implied covenant of good faith and fair dealing is intrinsically tied to the damages allegedly resulting from a breach of the contract"]). A claim for "breach of the implied covenant of good faith and fair dealing . . . may not be used as a substitute for a nonviable claim of breach of contract" (*Sheth v New York Life Ins. Co.*, 273 AD2d 72, 73 [1st Dept 2000]). It would be anomalous if plaintiff's contract claim were subject to a three-month statute of limitations but its claim for breach of the implied covenant were not.

Plaintiff does not contend that the shortened statute of limitations is inapplicable to its claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. In any event, its aiding and abetting claim is inadequately pleaded (*see Bullmore v Ernst & Young Cayman Is.*, 45 AD3d 461, 464 [1st Dept 2007]; *Brasseur v Speranza*, 21 AD3d 297, 299 [1st Dept 2005]).

The motion court did not have the benefit of *Matter of Kapon v Koch* (23 NY3d 32 [2014]) when it decided Mullaney's motion to quash plaintiff's subpoena or, in the alternative, for a protective order. The Court of Appeals has rejected the argument "that CPLR 3101 (a) contains distinctions between disclosure required of parties and nonparties" (*id.* at *3) and has said that CPLR "3101 (a) (4) imposes no requirement that the subpoenaing party demonstrate that it cannot obtain the requested disclosure from any other source" (*id.* at *5).

Even under *Kapon*, plaintiff is not entitled to discovery from Mullaney about its allegedly converted donor list: its conversion claim is limited to its network credentials and backup tapes, and the donor list relates to its dismissed claims. However, in light of *Kapon*, plaintiff is entitled to discovery from Mullaney about defendants' allegedly poor performance of their contract with plaintiff prior to Mullaney's resignation as plaintiff's president in late October 2010. Concur—Sweeny, J.P., Acosta, Renwick, Andrias and Freedman, JJ.