ALLENBY, LLC, et al., Appellants, v CREDIT SUISSE, AG, et al., Respondents. ALLENBY, LLC, et al., Respondents-Appellants, v CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH, et al., Appellants-Respondents. CREDIT SUISSE LOAN FUNDING LLC, et al., Respondents, v HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., et al., Appellants. [25 NYS3d 1]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 10, 2014, which granted defendants Credit Suisse, AG, Cayman Islands Branch, Credit Suisse Securities (USA) LLC, and Credit Suisse Loan Funding LLC's motion to dismiss to the extent of dismissing the unjust enrichment and breach of the implied covenant of good faith and fair dealing

causes of action with prejudice and the fraud, aiding and abetting fraud, and conspiracy causes of action without prejudice, unanimously modified, on the law, to deny the motion as to the claims for fraud and aiding and abetting fraud, and otherwise affirmed, without costs. Order, same court and Justice, entered March 3, 2015, which granted so much of defendant Credit Suisse AG, Cayman Islands Branch's (CS-CIB) motion as sought summary dismissal of part of plaintiffs' contract claim as time-barred, and denied so much of the motion as sought summary dismissal of the rest of the contract claim, and denied plaintiffs' cross motion to strike the defense of the statute of limitations, unanimously affirmed, with costs. Judgment, same court (Melvin L. Schweitzer, J.), entered September 11, 2014, against defendants in plaintiffs Credit Suisse Loan Funding LLC and Credit Suisse AG, Cayman Islands Branch's favor, unanimously affirmed, with costs. Appeals from order, same court and Justice, entered July 10, 2014, to the extent it denied defendants' motion to compel discovery regarding plaintiffs' alleged manipulation of the London Interbank Offered Rate (LIBOR), and order, same court and Justice, entered September 10, 2014, which granted plaintiffs' motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In the summary judgment decision in index no. 652491/13, the court correctly found that the tolling agreement was governed by New York rather than Texas law, that part of plaintiff's contract claim was time-barred (*see Bayridge Air Rights v Blitman Constr. Corp.*, 80 NY2d 777 [1992]), and that equitable estoppel did not apply as a matter of law (*see Dailey v Mazel Stores*, 309 AD2d 661 [1st Dept 2003]).

With respect to the non-time-barred portion of the contract claim, the court correctly found an issue of fact as to whether CS-CIB had a contractual obligation to review and approve the quarterly updates of the appraisals in its reasonable judgment, based on the definition of "Qualified Appraisal Update" in the contracts at issue.

We reject defendants' causation argument regarding the contract claim.

Plaintiffs contend that, with respect to defendants Credit Suisse Securities (USA) LLC and Credit Suisse Loan Funding LLC, the court erred by dismissing the claim for breach of the implied covenant of good faith and fair dealing as *duplicative* of the contract claim, because the latter claim was asserted only against CS-CIB. We uphold the dismissal on other grounds.

Plaintiffs do not allege that Credit Suisse Loan Funding was a party to the credit agreements at issue in index No. 652491/13. If there is no contract with Loan Funding, there can be no implied covenant claim against it (*see Smile Train, Inc. v Ferris Consulting Corp.*, 117 AD3d 629, 630 [1st Dept 2014]).

Plaintiffs do allege that Credit Suisse Securities was a party to the Ginn agreement and the Park Highlands agreement. In their implied covenant claim, they allege that "defendants" had the obligation under the credit agreements to review and approve the form and substance of the appraisals. However, plaintiffs' allegations notwithstanding, the contracts show that it was the Administrative Agent—i.e., CS-CIB, not Credit Suisse Securities—that had the obligation to review and approve Qualified Appraisal Updates (*see Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d 143, 150 [1st Dept 2001]).

The court correctly found, with respect to CS-CIB, that the implied covenant claim was duplicative of the contract claim (*see Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423 [1st Dept 2010], *lv denied* 15 NY3d 704 [2010]). *Wilmoth v Sandor* (259 AD2d 252 [1st Dept 1999]), on which plaintiffs rely, does not address the implied covenant of good faith and fair dealing.

The unjust enrichment claim was correctly dismissed because there are express contracts governing the subject of that claim (*see e.g. Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). It is of no moment that the contracts are between defendants and the nonparty borrowers/real estate developers, not between defendants and plaintiffs (*see e.g. Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281, 283 [1st Dept 1989], *lv dismissed in part, denied in part* 74 NY2d 874 [1989]; *see also Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790 [2012]).

The court dismissed the fraud claim on the grounds that it had not been pleaded with sufficient particularity (*see* CPLR 3016 [b]) and that too much of it was pleaded on information and belief. However, the complaint informs defendants that plaintiffs are complaining about the appraisals for five specific transactions (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491 [2008]). At this early, pre-discovery stage of the litigation, plaintiffs were not required to allege that a particular named individual inflated an appraisal (*see id.* ["section 3016 (b) should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting

a fraud" (internal quotation marks omitted)]; *see also e.g. P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 377 [1st Dept 2003]; *Loreley Fin. [Jersey] No. 3 Ltd. v Citigroup Global Mkts. Inc.*, 119 AD3d 136, 142-143 [1st Dept 2014]).

Although the allegations of fraud are based on information and belief, plaintiffs "set forth sufficient information to apprise defendants of the alleged wrongs" (*DDJ Mgt., LLC v Rhone Group L.L.C.*, 78 AD3d 442, 443 [1st Dept 2010]). In addition to pleading only on information and belief that defendants caused the appraisers to inflate the appraisals at issue, plaintiffs allege that the transactions in the instant action were like the Lake The Legal Aid Society, New York (of counsel), for Vegas transaction, for which they allege specific dates and names.

Defendants also contend that the fraud claim should be dismissed for lack of reasonable reliance and because it is duplicative of plaintiffs' contract claim against CS-CIB. These arguments are unavailing.

Defendants point out that plaintiffs disclaimed reliance. However, while "[u]sually, comprehensive disclaimers contained in carefully drafted documents executed by sophisticated commercial parties are sufficient to insulate sellers from tort liability[,] there is a limit to the efficacy of these disclaimers" (*Loreley*, 119 AD3d at 138 [citation omitted]). Plaintiffs allege that the misrepresentations concerned facts peculiarly within defendants' knowledge (*see id.* at 147; *Bank Brussels Lambert v Chase Manhattan Bank, N.A.*, 1996 WL 609439, *5, 1996 US Dist LEXIS 15631, *14 [SD NY, Oct. 23, 1996, No 93 Civ 5298 (LMM)]; *see also China Dev. Indus. Bank v Morgan Stanley & Co. Inc.*, 86 AD3d 435 [1st Dept 2011]).

Contrary to defendants' claim, plaintiffs do not concede that all of the assumptions underlying the appraisals were disclosed.

Defendants contend that plaintiffs failed to conduct any investigation. However, the contracts at issue implied that the appraisers (both of which were well known firms) would be independent, and said that the appraisals would be conducted in accordance with the Uniform Standards of Professional Appraisal Practice. "Where . . . a plaintiff has taken reasonable steps to protect itself against deception, it should not be denied recovery merely because hindsight suggests that it might have been possible to detect the fraud when it occurred" (*DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147, 154 [2010]). Moreover, whether defendants' information was available to plaintiffs with the exercise of reasonable diligence is not ap-

propriately determined as a matter of law on the pleadings (*P.T. Bank*, 301 AD2d at 378).

Since the fraud claim is asserted against all three defendants but a contract claim is asserted against only CS-CIB, the fraud claim cannot be *duplicative* as to Credit Suisse Securities and Credit Suisse Loan Funding (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 305 [1st Dept 2003]). We find that the fraud claim against CS-CIB is not duplicative of the contract claim (*see e.g. Wyle Inc. v ITT Corp.*, 130 AD3d 438, 440 [1st Dept 2015]).

The court dismissed the claim for aiding and abetting the appraisers' fraud because it had dismissed the fraud claim. However, we have reinstated the fraud claim.

Defendants contend that the aiding and abetting claim is duplicative of their fraud claim. However, plaintiffs may plead alternate causes of action (*see Weinberg v Mendelow*, 113 AD3d 485, 487 [1st Dept 2014]).

Relying on *Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.* (64 AD3d 472 [1st Dept 2009], *lv denied* 13 NY3d 709 [2009]), defendants contend that the aiding and abetting claim is precluded by disclaimers in the contracts at issue. However, "the crux" of the claim is not mere "silence or inaction" (*id.* at 476); plaintiffs allege that defendants were actively involved in the whole scheme to inflate appraisals.

The court correctly dismissed the claim for civil conspiracy (*see e.g. Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968 [1986]).

In index No. 652492/13, defendants contend that the court erred by awarding prejudgment interest at 9% (the rate prescribed by CPLR 5004) instead of LIBOR, the contract rate of interest (*see NML Capital v Republic of Argentina*, 17 NY3d 250, 258 [2011]). However, section 6 of the Standard Terms and Conditions does not apply to a breach of contract; it governs the separate subject of delayed settlement.

We find no issue of fact as to whether defendants breached the trade confirmations.

Having properly awarded interest at 9%, the court providently exercised its discretion in denying discovery about LIBOR since such discovery would be irrevelant. Concur—Tom, J.P., Renwick, Saxe and Kapnick, JJ.

---

Motion to strike portions of reply brief granted to the extent

of taking judicial notice of a document filed in a Texas State court, and otherwise denied. ■