■ Victoria Ortegas, Appellant, v G4S Secure Solutions (USA) Inc. et al., Respondents. [65 NYS3d 693]—

Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered November 18, 2016, dismissing the complaint, and bringing up for review an order, same court and Justice, entered November 10, 2016, which granted defendants' motion to dismiss plaintiff's claims as time-barred, unanimously affirmed, without costs.

Plaintiff's employment application "utterly refutes" her discrimination claims and conclusively establishes defendants' defense as a matter of law (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; CPLR 3211 [a] [1]). The employment application unambiguously shortened the applicable statute of limitations to six months. Plaintiff does not contest that her complaint was untimely if this provision is enforceable, nor does she specify evidence she might have obtained in discovery that would change this result.

Plaintiff's allegations that the employment application was unconscionable fail. Generally, a showing of unconscionability requires a showing that "the contract was both procedurally and substantively unconscionable when made—i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (*Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988] [internal quotation marks omitted]; *see Brower v Gateway 2000*, 246 AD2d 246, 253-254 [1st Dept 1998]). Here, plaintiff cannot establish substantive unconscionability, as New York courts have held that a six-month period to bring an employment claim is inherently reasonable (*see Hunt v Raymour & Flanigan*, 105 AD3d 1005, 1006 [2d Dept 2013]; *see also Smile Train, Inc. v Ferris Consulting Corp.*, 117 AD3d 629, 630 [1st Dept 2014]). Nor do the allegations in plaintiff's affidavit establish that the employment application was procedurally unconscionable (*see Sablosky v Gordon Co.*, 73 NY2d 133, 139 [1989]).

We have considered plaintiff's remaining contentions, including that the motion court improperly converted the motion to

dismiss to one for summary judgment without providing notice to the parties, and find them unavailing. Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ.