Divito v Fiandach (2021 NY Slip Op 07350)





Divito v Fiandach


2021 NY Slip Op 07350


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, AND TROUTMAN, JJ.


683 CA 20-01338

[*1]STEPHEN T. DIVITO, PLAINTIFF-RESPONDENT,
v
EDWARD L. FIANDACH, DEFENDANT-APPELLANT. 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHENEY LAW FIRM, PLLC, GENEVA (DAVID D. BENZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), dated August 8, 2020. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action to recover the full amount of a retainer agreement with defendant, an attorney who represented him in relation to criminal charges. Supreme Court previously granted defendant's motion to dismiss the complaint; however, on appeal, we reinstated the cause of action alleging that the retainer agreement is unconscionable (Divito v Fiandach, 160 AD3d 1356, 1357-1358 [4th Dept 2018]). Subsequently, the court denied defendant's motion for summary judgment dismissing the complaint. We reverse, grant the motion, and dismiss the complaint.
"Whether a contract or any clause of the contract is unconscionable is a matter for the court to decide against the background of the contract's commercial setting, purpose, and effect" (Wilson Trading Corp. v David Ferguson, Ltd., 23 NY2d 398, 403 [1968]; see Laidlaw Transp. v Helena Chem. Co., 255 AD2d 869, 870 [4th Dept 1998]). "A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made—i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988] [internal quotation marks omitted]; see Matter of Lawrence, 24 NY3d 320, 336-337 [2014], rearg denied 24 NY3d 1215 [2015]). " 'The most important factor [in determining procedural unconscionability] is whether the client was fully informed upon entering the agreement' " (Divito, 160 AD3d at 1358, quoting Lawrence, 24 NY3d at 337). "[T]he attorney must show that the client executed the contract with 'full knowledge of all the material circumstances known to the attorney . . . and that the contract was one free from fraud on [the attorney's] part or misconception on the part of [the client]' " (Lawrence, 24 NY3d at 337, quoting Matter of Howell, 215 NY 466, 473-474 [1915]).
Here, defendant met his initial burden on the motion by establishing that the retainer agreement is not procedurally unconscionable. Plaintiff's deposition testimony, which defendant submitted in support of the motion, demonstrated that plaintiff had ample opportunity to become fully informed about the retainer agreement and to make a meaningful choice about representation. Plaintiff did not dispute in his deposition that, as defendant averred, defendant previously represented plaintiff in relation to a charge of driving while intoxicated for which a similar fixed-fee retainer agreement was used. Indeed, plaintiff admitted that defendant previously represented him at least once. Defendant's submissions on the motion also established that the retainer agreement here was not presented to plaintiff until nine days after the drunk-driving incident giving rise to the criminal charges against him and several days after [*2]plaintiff had been released from the hospital. By that time, plaintiff had been arraigned on the felony complaint, and therefore was aware of the charges of aggravated vehicular homicide against him for the deaths of two persons. Before signing the retainer agreement, plaintiff's family had contacted at least one other attorney on plaintiff's behalf, and plaintiff negotiated terms of the agreement with defendant. Furthermore, although defendant submitted plaintiff's interrogatory answers in which plaintiff stated that he relied on defendant's statements that defendant had never had a client go to prison and that he would work on plaintiff's case "24/7," plaintiff conceded during his deposition that defendant never guaranteed that he would avoid prison and that plaintiff understood defendant's statements regarding the amount of time defendant would spend on plaintiff's case to be hyperbole.
In opposition, plaintiff failed to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court