Curtis v Marino (2022 NY Slip Op 00499)





Curtis v Marino


2022 NY Slip Op 00499


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 31751/19E Appeal No. 15147 Case No. 2020-04046 

[*1]Rhovan Curtis, Plaintiff-Appellant,
v
Robert Marino et al., Defendants-Respondents.


Miller Law, PLLC, New York (Meredith R. Miller of counsel), for appellant.
Littler Mendelson, P.C., Melville (Ellen R. Storch and Matthew R. Capobianco of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about September 2, 2020, which granted defendants' motion to dismiss the complaint as untimely under the parties' arbitration agreement, unanimously affirmed, without costs.
Supreme Court properly found the arbitration agreement enforceable, as its terms were not "substantively unconscionable when made" (Ortegas v G4S Secure Solutions [USA] Inc., 156 AD3d 580, 580 [1st Dept 2017], quoting Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988]). The contractual shortening of the statute of limitations for plaintiff's claims under the New York City and New York State Human Rights Law to one year is "inherently reasonable" (Ortegas, 156 AD3d at 580 [limitations period shortened to six months]; see also Executive Law § 297[5] [one year to file administrative complaints]; Administrative Code of City of NY § 8-109[e] [same]). Furthermore, to the extent the agreement requires arbitration of plaintiff's discrimination claims, it is not unconscionable as arbitration offered plaintiff an opportunity to pursue his claims (see Newton v LVMH Moet Hennessy Louis Vuitton Inc., 192 AD3d 540, 541 [1st Dept 2021]).
We also reject plaintiff's contention that CPLR 7515, which bars mandatory arbitration of discrimination claims only prospectively (CPLR 7515[b][i]), and post-dates the arbitration agreement, requires invalidation of the arbitration provision on public policy grounds (see Newton, 192 AD3d at 54).
Dismissal is warranted under the terms of the arbitration agreement, which grants Supreme Court authority to determine timeliness without reference to an arbitrator. Plaintiff admittedly failed to bring his dispute or his unconscionability claim to arbitration in the manner prescribed by the agreement, even after defendants provided his attorney with the agreement and offered to submit to arbitration before the one-year period expired. Thus, by the terms of the agreement, his claims are "time-barred and permanently and irrevocably waived and released." Furthermore, the arbitration agreement forecloses the application of the tolling provision of CPLR 205(a), since it deprives arbitrators of any authority to consider the merits of a dispute brought after one year, and requires dismissal of claims as waived, released, or time barred.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022