2 Girls Accys LLC v Larrea (2023 NY Slip Op 05782)

2 Girls Accys LLC v Larrea

2023 NY Slip Op 05782

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 655786/18 Appeal No. 1043 Case No. 2020-04504 

[*1]2 Girls Accys LLC et al., Plaintiffs-Appellants,
v
Kathie Larrea et al., Defendants-Respondents, John Does 1-10 et al., Defendants.

Riker Danzig LLP, New York (Edwin F. Chociey, Jr. of counsel), for appellants.
K&L Gates LLP, New York (Benjamin I. Rubinstein of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about September 11, 2022, which, inter alia, granted defendants' Kathie and Kristie Larrea (the Larreas) and Mehjeez Designs LLC (Mehjeez) CPLR 3211(a)(1), (3), and (7) motion to dismiss to the extent of (a) dismissing all claims by 2 Girls Holding Corp. (Holding Corp.) and 9281-5109 Quebec Inc. (Quebec), (b) dismissing all claims by plaintiff 2 Girls Accys LLC (the Company) other than the 11th, 12th, and 16th causes of action, and (c) holding, in connection with the Company's breach of fiduciary duty/duty of loyalty claims against the Larreas (11th and 12th causes of action), that it may seek damages only against defendant Mehjeez, unanimously modified, on the law and the facts, to vacate dismissal of the conversion claims (17th, 18th, and 19th causes of action) to the extent asserted by the Company and reinstate such claims, vacate the determination, as to the 11th and 12th causes of action, that the Company may seek damages only against defendant Mehjeez, and otherwise affirmed, without costs.
The motion court properly dismissed all claims brought by Holding Corp. and Quebec for lack of standing. Holding Corp. and Quebec seek recovery for damages incurred by the Company and do not allege that they suffered any direct harm. Their claims arising from their allegedly outstanding loans fail because they did not assert those claims against the loans' alleged recipient, i.e., the Company (who is, instead, a plaintiff), and plaintiffs do not allege facts to show why any defendant is responsible for the Company's repayment obligations. To the extent plaintiffs suggest that Mehjeez is responsible due to its status as a Company member, the argument is barred by Limited Liability Company Law § 609(a).
Moreover, even if Holding Corp. had standing to sue, it failed to properly plead its breach of contract and breach of fiduciary duty claims against the Larreas arising out of their breaches of the oral employment agreements. Holding Corp. did not adequately assert the terms of those alleged agreements, how the Larreas breached such terms and how the damages due to any breach of fiduciary duty differ from those incurred by the Company (see e.g Kausal v Educ. Prod. Info. Exch. Inst., 105 AD3d 909 [2d Dept 2013], appeal dismissed 21 NY3d 1039 [2013]).
The motion court properly dismissed the Company's contract claims against the Larreas arising from the Term Sheet Operating Agreement (TSOA). As the court held, the Larreas were not parties in their own right to the TSOA, which, instead, contemplates they would be hired pursuant to separate, "written employment agreements." Moreover, Kathie Larrea signed the TSOA only in her capacity as "Member/President" of Mehjeez, and Kristie did not sign at all (see Bonnant v Merrill Lynch, Pierce, Fenner & Smith, Inc., 467 Fed Appx 4, 11 [2d Cir 2012]). Although plaintiffs argue that the court ignored paragraph 24 of the TSOA in holding that the TSOA [*2]was a mere "agreement to agree," they do not show that this TSOA provision advances their position, given its express application to "the parties."
As dismissal of these contract claims was proper, the motion court also properly dismissed the Company's claims for breach of the alleged implied covenants of good faith and fair dealing within these agreements (see Smile Train, Inc. v Ferris Consulting Corp., 117 AD3d 629, 630 [1st Dept 2014]; see also Kapsis v American Home Mtge. Servicing, Inc., 923 F Supp 2d 430, 452 [ED NY 2013]; Horowitz v Aetna Life Ins., 148 AD2d 584 [2d Dept 1989]).
The motion court improperly held that the Company is limited to recovery against Mehjeez on its breach of fiduciary duty/duty of loyalty claims against the Larreas (11th and 12th causes of action), and therefore, that determination must be vacated. The court based its determination on a paragraph 12 of the TSOA, which states, as relevant, that if the Larreas breach their fiduciary duty to the Company and fail to timely cure, this "will result in the entity with which [the breaching party] . . . is affiliated . . . being subject to a claim by the Company for damages caused by such breach of fiduciary duty to the Company." However, although paragraph 12 does contemplate that an action for damages against Mehjeez — i.e., "the entity" with the Larreas are "affiliated" — "will result," it does not expressly state such action is exclusive, or that an action against the Larreas themselves would be barred; accordingly, the court should not have so interpreted it (see Terminal Cent. v Modell & Co. (212 AD2d 213, 218 [1st Dept 1995]; see also Lundy Dev. & Prop. Mgt., LLC v Cor Real Prop. Co., LLC, 181 AD3d 1180 [4th Dept 2020]).
The motion court also properly dismissed the Company's tortious interference with prospective economic advantage claims because plaintiffs do not allege facts to show any tortious conduct was directed at Walmart or other third party, as the claim requires (see Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]).
The motion court improperly dismissed the Company's conversion claims (17th, 18th, and 19th causes of action) as plaintiffs adequately alleged that defendants intentionally exercised control over and barred Company access to its own business information, records, emails, passwords, and financial records, which caused the Company severe harm (see Family Health Mgt. LLC v Rohan Devs. LLC, 207 AD3d 136, 139-140 [1st Dept 2022]).
The motion court properly dismissed the fraud and fraudulent inducement claims as plaintiffs do not adequately allege facts to show why defendants should be held responsible for the allegedly fraudulently inflated invoices generated by plaintiffs' suppliers (CPLR 3016[b]).
Plaintiffs' arguments as to discovery are unavailing. They cite no authority for their proposition that as long as a claim involves allegations of self-dealing, then discovery is warranted, no matter what pleading defects might otherwise mar [*3]the claim. However, to the extent defendants assert that plaintiffs are not entitled to any further discovery, that dispute is beyond the scope of this appeal. Finally, plaintiffs do not adequately explain the import, as concerns this appeal, of their assertion that they were
permitted to plead in the alternative.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023