| |
|---|
| **Ciano v LM Med. PLLC** |
| 2024 NY Slip Op 31098(U) |
| April 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157692/2023 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. DAKOTA D. RAMSEUR**

*Justice*

-------------------------------------------------------------------X

VICTORIA CIANO,

Plaintiff,

- v -

LM MEDICAL PLLC,DR. LESLEY RABACH, DR. MORGAN RABACH

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| PART | 34M |
| INDEX NO. | 157692/2023 |
| MOTION DATE | 08/16/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 12, 13, 14, 15, 16, 46

were read on this motion to/for        COMPEL ARBITRATION        .

Plaintiff, Victoria Ciano (plaintiff), commenced this action for discrimination and retaliation under the New York City and State Human Rights Law, breach of contract, fraud, and forgery, against defendants, LM Medical PLLC, Dr. Lesley Rabach, Dr. Morgan Rabach (collectively, defendants), stemming from defendants alleged refusal to pay plaintiff her bonus in accordance with her employment agreement and alleged discrimination and retaliation against plaintiff based on her pregnancy. Defendants now move pursuant to CPLR 7503 to stay this action and to compel arbitration in this matter and pursuant to 22 NYCRR 130-1.1 for sanctions. The motion is opposed. For the following reasons, the motion is granted in part.

Plaintiff alleges that she worked as a physician's assistant employed by defendants. According to plaitniff, her employment, including her compensation, was controlled pursuant to an employment agreement with defendants. Plaintiff alleges that pursuant to the agreement, which commenced on July 13, 2020, plaintiff was paid a base of $150,000, and an escalating commission rate: 15% on gross revenues above $800,000, and 20% on gross revenues above $1,000,000. Plaitniff claims that in 2021, defendants paid plaintiff a salary and bonus totaling approximately $263,000. Plaintiff alleges that in August of 2022, the parties renegotiated the employment agreement to provide that plaintiff would receive a base salary of $200,000 and a commission-based bonus of $50,000 for gross revenues attributable to plaintiff that reached $1,000,000. According to plaitniff, the employment agreement further states that plaintiff was to be paid 22% for gross revenues in excess of $1,000,000 and 5% for skin care sales. Plaintiff alleges that paragraph three of the employment agreement states that Plaintiff's commission was to be based upon plaintiff's gross revenue, not net revenue. The employment agreement contains an arbitration provision, which states that "[a]ny dispute arising under this agreement shall be decided in final and binding arbitration" (NYSCEF doc. no. 15, ex A at ¶7).

In or around September 2022, plaintiff informed defendants that she was pregnant with

157692/2023  CIANO, VICTORIA vs. LM MEDICAL PLLC ET AL
Motion No. 001

Page 1 of 4

twins. Though not relevant to the instant motion, plaitniff alleges that defendants thereafter created a hostile treatment and obstructive conduct regarding basic pregnancy accommodations. Plaitniff alleges that on March 15, 2023, plaintiff's last day in the office prior to her maternity leave, she requested the status of the bonus payment, which she had calculated to be approximately $120,000. According to plaitniff, defendants were unable to pay her the amount she was entitled pursuant to the employment agreement due to cash flow issues. Plaitniff alleges that on April 3, 2023, defendants notified plaitniff that her bonus would be $61,351.67, much less than her calculation. According to plaintiff, she is owed the balance of her bonus, and approximately $119,000 in contractual wages earned, but not paid.

In support of defendants' motion to compel arbitration of plaintiff's claims, defendants argue that the employment agreement contains a broad arbitration clause, and that plaintiff's claim fall squarely within the provision. Defendants further argue that they are entitled to sanctions, as plaitniff commenced this action despite acknowledging the existence and validity of the arbitration provision covering this dispute. In opposition, plaintiff argues that the arbitration provision in the employment agreement is void because defendants forged a material term of the employment agreement to read in defendants' favor. Specifically, plaitniff contends that defendants changed the word "gross" to read "net," thereby reducing the total compensation plaintiff was entitled to receive under the employment agreement. Plaintiff also argues that the arbitration agreement at issue is unconscionable, especially given her allegations of forgery.

CPLR 7503(a) states that parties have a right to compel arbitration "where there is no substantial question whether a valid agreement was made or complied with, and the claim sought to be arbitrated is not barred by limitation." Parties have the right to stay arbitration "on the ground that a valid Agreement was not made or has not been complied with ...." CPLR § 7503(b). "[A] party will not be compelled to arbitrate ... absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes. The agreement must be clear, explicit, and unequivocal" (*Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 132-133 [1st Dept 2014] [internal citations omitted]).

Here, defendants establish their entitlement to arbitration of plaintiff's claims. The arbitration provision requires that disputes "arising under this agreement" shall be decided by final and binding arbitration. As plaintiff's claims herein are based upon the employment relationship between plaintiff and defendants, the arbitration provision encompass plaintiff's causes of action. Accordingly, the branch of defendants' motion to compel arbitration is granted.

Plaintiff's argument in opposition—that the arbitration provision should be stricken because of the alleged forgery of the substantive terms within the employment agreement—is without merit. Courts generally determine the validity of an arbitration clause separately from the validity of the underlying agreement. "[C]ourts are required to treat an agreement containing an arbitration clause as if there were two separate agreements—the substantive agreement between the parties, and the agreement to arbitrate" (*Matter of O'Neill v Krebs Communications Corp.*, 16 AD3d 144, 144 [1st Dept 2005], citing *Weinrott v Carp*, 32 NY2d 190 [1973]). Here, plaintiff argues that defendants changed a "fraudulently altered the employment contract negotiated between them, by changing the word "gross" to read "net'" within the "Compensation" section of the employment agreement, but does not establish that the arbitration agreement on its own is

**157692/2023 CIANO, VICTORIA vs. LM MEDICAL PLLC ET AL**
**Motion No. 001**

**Page 2 of 4**

[* 2]

invalid. The arbitration provision is clear and unequivocal, and thus, the substantive issues plaintiff raises concerning the agreement, including the alleged forgery, is for the arbitrators to resolve (*see Krebs Communications Corp.*, 16 AD3d at 144). Plaintiff's reliance on *Alam v Uddin* (160 AD3d 915 [1st Dept 2018]) is misplaced, since unlike in *Uddin*, where the defendant's signature on the agreement, including the agreement to arbitrate, was forged, plaitniff here only alleges that certain terms within the employment agreement were modified after her signature.

Plaintiff's additional argument that the arbitration provision is unconscionable is also without merit. "A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made—i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (*Divito v Fiandach*, 200 AD3d 1564 [1st Dept 2021], quoting *Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988]; *see Ortegas v G4S Secure Sols. (USA) Inc.*, 156 AD3d 580 [1st Dept 2017) ["An unconscionable contract is one which is so grossly unreasonable as to be unenforceable because of an absence of meaningful choice on the part of one party, together with contract terms which are unreasonably favorable to the other"]). Here, the arbitration provision is not the product of disparate bargaining power or deceptive language in the employment agreement. Further, plaitniff fails to demonstrate that she lacked meaningful choice or was otherwise pressured into executing employment agreement. In fact, plaintiff states in her complaint that she negotiated and agreed to the terms of the employment agreement, which includes the arbitration provision (*see Arrowhead Golf Club, LLC v Bryan Cave, LLP*, 59 AD3d 347 [1st Dept 2009] ["The provision is clearly not the product of disparate bargaining power or deceptive language in the contract, and there is no evidence that plaintiff lacked meaningful choice or was otherwise pressured into executing the engagement letters containing the provision"]).

Defendants next contend that they are entitled to attorneys' fees for plaintiff's commencement of this action, despite having knowledge of the arbitration provision. "Conduct is frivolous under 22 NYCRR 130-1.1 (c) (1) if it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law or undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (*Falco v Miller*, 170 AD3d 661 [2d Dept 2019] [internal quotation marks and citations omitted]). As evidenced by the discussion above, plaintiff's commencement of this action is neither frivolous, nor warrants sanctions. Accordingly, the branch of defendants' motion for reasonable attorneys' fees is denied.

Accordingly, it is hereby,

ORDERED that defendants' motion is granted to the extent that the branch of defendants' motion to compel arbitration and stay this action is granted, and this matter is stayed pending arbitration; and it is further

ORDERED that plaintiff, Victoria Ciano, shall arbitrate her claims against defendants, LM Medical PLLC, Dr. Lesley Rabach, Dr. Morgan Rabach, in accordance with the arbitration agreement; and it is further

**157692/2023  CIANO, VICTORIA vs. LM MEDICAL PLLC ET AL**
**Motion No.  001**

Page 3 of 4

ORDERED that the parties shall appear for a conference in Part 34 on July 9, 2024 at 9:30 a.m. to address the status of the arbitration; and it is further

ORDERED that defendants shall serve a copy of this decision and order upon plaintiff, with notice of entry, within ten (10) days of entry.

This constitutes the decision and order of the Court.

| 4/2/2024 | | | DAKOTA D. RAMSEUR, J.S.C. |
|---|---|---|---|
| DATE | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157692/2023  CIANO, VICTORIA vs. LM MEDICAL PLLC ET AL**
**Motion No. 001**

**Page 4 of 4**

4 of 4