| Ancaart v Crespo |
| :---: |
| 2024 NY Slip Op 33848(U) |
| October 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651303/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LOUIS L. NOCK**                          **PART**                          **38M**

*Justice*

---------------------------------------------------------------------------------X

HAROLD ANCART,

                                            Plaintiff,

                    - v -

EMILIEN CRESPO,

                                            Defendant.

---------------------------------------------------------------------------------X

**INDEX NO.**            651303/2023

**MOTION DATE**            N/A

**MOTION SEQ. NO.**            001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 2, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23

were read on this motion for            SUMMARY JUDGMENT IN LIEU OF COMPLAINT   .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, it is ORDERED that plaintiff's motion for summary judgment in lieu of complaint against defendant is granted, for the reasons set forth in the motion papers (NYSCEF Doc. Nos. 5, 6, 7, 17, 18) and the exhibits attached thereto, in which the court concurs, as summarized herein.

A grant of summary judgment under CPLR 3213 is available on "an instrument for the payment of money only or upon any judgment" (CPLR 3213).  A plaintiff makes out a *prima facie* case for summary judgment where it can show that the instrument is a valid instrument for the payment of money only and that the defendant has failed to pay (*Nordea Bank Finland PLC v Holten*, 84 AD3d 589 [1st Dept 2011]).  Once the plaintiff has established a *prima facie* case, "the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense" (*Porat v Rybina*, 177 AD3d 632, 632 [2d Dept 2019] [internal quotation marks and citation omitted]; *see Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2d Dept 2011]).

**651303/2023   ANCART, HAROLD vs. CRESPO, EMILIEN**
**Motion No.  001**

**Page 1 of 5**

[* 1]

Plaintiff has met his *prima facie* burden by submission of an agreement for the repayment of debt, dated March 3, 2022, executed by the parties (the "Repayment Agreement") (Repayment Agreement, NYSCEF Doc. No. 5) and proof of defendant's failure to pay the sums owed thereunder (affidavit of plaintiff, NYSCEF Doc. No. 4). The Repayment Agreement unambiguously provides that defendant "unconditionally promises" to repay a debt owed to plaintiff (NYSCEF Doc. No. 5 ¶ 2 ["Promise to Repay with Interest"]), as well as recovery of reasonable attorneys' fees in the event of default (*id.* ¶ 9 ["Payment of Creditor's Costs and Expenses"]).

In opposition, defendant fails to raise a triable issue of fact. Defendant asserts duress in signing the Repayment Agreement, alleging that plaintiff threatened violence if defendant did not sign it and that plaintiff promised that plaintiff would not sue defendant if defendant signed it (affirmation of defendant, NYSCEF Doc. No. 12 ¶¶ 24-29, 43). "A contract is voidable on the ground of duress when it is established that the party making the claim was forced to agree to it by means of a wrongful threat precluding the exercise of his free will" (*Austin Instrument, Inc. v Loral Corp.*, 29 N.Y.2d 124, 130 [1971] [citations omitted]). Here, the allegations of duress in defendant's affirmation are stated in conclusory fashion, unsupported by evidence (NYSCEF Doc. No. 12 ¶¶ 24-29, 43). "Without further proof in evidentiary form, those allegations fail to raise a triable issue with respect to the defense of duress" (*Ishkhanian v Guekguezian*, 158 A.D.2d 325, 326 [1st Dept 1990] [rejecting duress as an affirmative defense to summary judgment in lieu of complaint]; *see also Nissan Motor Acceptance Corp. v. Scialpi*, 83 A.D.3d 1020, 1020–21 [2d Dept 2011] ["The conclusory and unsubstantiated allegations of fraud and misrepresentation set forth in affidavits submitted by the defendants are insufficient to meet this burden [to raise a triable issue of fact], as are the allegations of coercion, duress, and

**651303/2023   ANCART, HAROLD vs. CRESPO, EMILIEN**
**Motion No.  001**

**Page 2 of 5**

[* 2]

unconscionability"] [citations omitted]).  Furthermore, plaintiff refutes these allegations and submits emails between the parties showing that defendant actively participated in negotiating and executing the Repayment Agreement (reply affidavit of plaintiff, NYSCEF Doc. No. 18; emails, NYSCEF Doc. No.  22).  Defendant's claim of duress also contradicts the terms of the Repayment Agreement, which states that the "Parties acknowledge that they are entering into this Agreement voluntarily" and contains a broad merger clause (NYSCEF Doc. No. 5 at 1, 3 ¶ 14 ["Entire Agreement"]) (*see Friends Lumber Inc. v Cornell Dev. Corp.*, 243 A.D.2d 886, 887-88 [3d Dept 1997] [rejecting the affirmative defense of fraudulent inducement in part because "evidence in support of this claim is limited to Cornell's own general and unsubstantiated allegations" and "most importantly, Cornell's claim in this regard is inconsistent with the terms of the promissory notes themselves"]).

Further, contrary to defendant's claim, there is nothing unconscionable about the Repayment Agreement.  To establish unconscionability, a party must show that "the contract was both procedurally and substantively unconscionable when made--i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (*Ortegas v G4S Secure Solutions [USA] Inc.*, 156 AD3d 580, 580 [1st Dept. 2017] [internal quotation marks and citation omitted]).  Defendant fails to submit evidence beyond conclusory statements demonstrating a lack of meaningful choice in entering the Repayment Agreement.  His contention that he signed the Repayment Agreement without counsel and thus, without fully understanding it, (NYSCEF Doc. No. 12 ¶ 43) does not amount to a denial of an opportunity to seek counsel and is also belied by the language of the Repayment Agreement (NYSCEF Doc. No. 5 ¶ 17 ["Opportunity to Consult Legal Counsel"]).

**651303/2023   ANCART, HAROLD vs. CRESPO, EMILIEN**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

Finally, defendant's argument that the Repayment Agreement lacks consideration is contradicted by its very terms (NYSCEF Doc. No. 5 ¶ 3 ["Sufficient Consideration"]), and such "unsupported, conclusory allegations with respect to the defenses of fraud and lack of consideration were insufficient to defeat the plaintiff's entitlement to summary judgment" (*Jin Sheng He*, 83 AD3d 788 at 789).

Accordingly, it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff Harold Ancart and against defendant Emilien Crespo in the amount of $654,490.15, with interest thereon at the statutory rate from March 1, 2023, through entry of judgment, as calculated by the Clerk, and continuing to accrue thereafter through satisfaction of judgment, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that plaintiff is entitled to his reasonable attorneys' fees, pursuant to the Repayment Agreement (NYSCEF Doc. No. 5 ¶ 9), and the issue of the amount of such fees is severed and set down for a further hearing before the undersigned; and it is further

ORDERED that the parties shall appear for said hearing via Microsoft Teams, to be arranged by the court, on December 10, 2024, at 2:15 PM.

ORDERED that plaintiff shall submit the documentation he intends to proffer in support of his fee application to defendant and the court on or before on or before December 3, 2024, by electronic filing, with a copy by email to the Principal Court Attorney of Part 38 at ssyaggy@nycourts.gov.

**651303/2023   ANCART, HAROLD vs. CRESPO, EMILIEN**
**Motion No.  001**

**Page 4 of 5**

4 of 5

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

_____
10/28/2024
**DATE**

_____
**LOUIS L. NOCK, J.S.C.**

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651303/2023   ANCART, HAROLD vs. CRESPO, EMILIEN**
**Motion No.  001**

Page 5 of 5

5 of 5