NewCo Capital Group LLC v SPE Trading, Inc.
2026 NY Slip Op 04057
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

NEWCO CAPITAL GROUP LLC, PLAINTIFF-RESPONDENT,
v
SPE TRADING, INC./ SPE TRADING INC/ SPE TRADING, INC/ SPE TRADING INC./ S P E TRADING INC/ INTERNATIONAL DATA SYSTEMS, ESPI TRADING INC, MAGRO INTERNATIONAL, INC., AND JAIME RAFAEL SOTO, DEFENDANTS-APPELLANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
264 CA 24-02018
Present: Montour, J.P., Ogden, Greenwood, Nowak, And Hannah, JJ.

LEBEDIN KOFMAN, LLP, NEW YORK CITY (ALYSON M. LUFTIG OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
PIEKARSKI LAW, PLLC, NEW YORK CITY, CARTER LEDYARD & MILBURN LLP (JACOB H. NEMON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered January 17, 2025. The judgment awarded damages and attorneys' fees to plaintiff.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action following defendants' alleged breach of a revenue purchase agreement (agreement) entered into between plaintiff and defendants. Defendant Jaime Rafael Soto was the "Guarantor," and the remaining defendants (entity defendants) were the "Merchant." Under the agreement, plaintiff advanced a monetary amount to the entity defendants in exchange for
7% of the future revenues of their business until the purchased amount, i.e., an agreed-upon amount that was greater than the advanced amount, was paid to plaintiff. The agreement contained a weekly remittance amount, which constituted a "good faith estimate of" plaintiff's share of the future revenue stream. Soto guaranteed the entity defendants' performance of the agreement.
After an alleged event of default under the agreement, plaintiff commenced this action for breach of the agreement and personal guarantee and moved for summary judgment on the complaint. Defendants now appeal from an order granting the motion in part and awarding damages and attorneys' fees to plaintiff. We deem the appeal to be taken from the judgment subsequently entered on that order inasmuch as the notice of appeal "from an order directing summary judgment [is] deemed to specify a judgment upon said order entered after service of the notice of appeal and before entry of the order of" this Court (CPLR 5501 [c]; see AH Wines, Inc. v C6 Capital Funding LLC, 208 AD3d 1623, 1623 [4th Dept 2022], appeal dismissed 39 NY3d 1172 [2023]), and we affirm.
We reject defendants' contention that plaintiff's documentary submissions did not meet the statutory requirements for the admission of a business record under CPLR 4518 (a). Plaintiff submitted the affidavit of its manager, who swore that he was "personally familiar with plaintiff's record-keeping practices and procedures" (Bank of N.Y. Mellon v Anderson, 151 AD3d 1926, 1927 [4th Dept 2017]), and we conclude that Supreme Court properly considered the documents (see Bank of Am., N.A. v Greene, 216 AD3d 718, 719 [2d Dept 2023]).
Contrary to defendants' contention, plaintiff met its burden on the motion. "It is well settled that the elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages' " (Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]; see Pearl St. Parking Assoc. LLC v County of Erie, 207 AD3d 1029, 1031 [4th Dept 2022]). Plaintiff established that an agreement existed, it performed under the agreement, defendants breached the agreement, and plaintiff sustained damages (see Tapp Partners, LLC v Wall Sections Inc., 244 AD3d 1727, 1728 [4th Dept 2025]; cf. Bridge Funding Cap LLC v SimonExpress Pizza, LLC [appeal No. 2], 240 AD3d 1186, 1189-1190 [4th Dept 2025]). An event of default under the agreement included, as relevant here, the entity defendants' failing to request a reconciliation or adjustments to the remittance within one business day of their remittance returned for insufficient funds in the bank account. Plaintiff established that it deposited funds to the entity defendants' bank account, and the entity defendants performed under the agreement for several months. However, on January 4, 2024, the entity defendants' bank returned the code of "R01 - Insufficient Funds," and the entity defendants failed to timely request a reconciliation or adjustment to their remittance.
We reject defendants' contention that the agreement is void because it is, in actuality, a criminally usurious loan. It is well settled that usury laws apply only to loans (see Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 744 [1992]). If the borrower establishes that the loan is usurious, the transaction is deemed void and unenforceable (see Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d 320, 326 [2021]; Davis v Richmond Capital Group, LLC, 194 AD3d 516, 517 [1st Dept 2021]). But "[i]f the transaction is not a loan, 'there can be no usury, however unconscionable the contract may be' " (Seidel, 79 NY2d at 744). "When determining whether a transaction constitutes a usurious loan, it must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it" (True Bus. Funding, LLC v Guerrero A Constr. Corp., 239 AD3d 787, 788 [2d Dept 2025] [internal quotation marks omitted]; see Adar Bays, LLC, 37 NY3d at 334).
The primary question is "whether the plaintiff is absolutely entitled to repayment under all circumstances; [u]nless a principal sum advanced is repayable absolutely, the transaction is not a loan" (Samson MCA LLC v Joseph A. Russo M.D. P.C./IV Therapeutics PLLC [appeal No. 2], 219 AD3d 1126, 1127 [4th Dept 2023] [internal quotation marks omitted]; see Bridge Funding Cap LLC, 240 AD3d at 1188; LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 665-666 [2d Dept 2020]). " 'Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy' " (Bridge Funding Cap LLC, 240 AD3d at 1188; see Kapitus Servicing, Inc. v Suburban Waste Servs., Inc., 246 AD3d 661, 661 [1st Dept 2026]; True Bus. Funding, LLC, 239 AD3d at 788; Samson MCA LLC, 219 AD3d at 1128), and defendants fail to assert any other factors in support of their contention.
With respect to the first factor, the agreement had two reconciliation provisions, whereby the weekly remittance would be modified both retroactively and prospectively upon request and with proof of earned revenue amounts. If the entity defendants made either request, plaintiff was required to modify the remittance amount to reflect the entity defendants' actual receipts. We reject defendants' contentions that the reconciliation provisions are convoluted or that the agreement provides plaintiff with sole discretion to reconcile, so as to render the provisions illusory (cf. Oakshire Props., LLC v Argus Capital Funding, LLC, 229 AD3d 1199, 1201 [4th Dept 2024]). Under the second factor, the agreement did not have a finite term or payment schedule. Indeed, "the term of the agreement was not finite inasmuch as the amount of the [weekly] payments [made by the entity defendants] could change as a consequence of the application of the agreement's reconciliation provisions" (Bridge Funding Cap LLC, 240 AD3d at 1189 [internal quotation marks omitted]). With respect to the third factor, the agreement stated that the entity defendants "going bankrupt or going out of business, or experiencing a slowdown in business, or a delay in collecting [their] receivables, in and of itself, does not constitute a breach of this Agreement," and thus plaintiff did not have recourse in the event that the entity defendants declared bankruptcy (see Samson MCA LLC, 219 AD3d at 1128). We therefore conclude that the agreement was a revenue purchase agreement and not a usurious loan (see Bridge Funding Cap LLC, 240 AD3d at 1188-1189; True Bus. Funding, LLC, 239 AD3d at [*2]788; Samson MCA LLC, 219 AD3d at 1128).
We also reject defendants' contention that the agreement is unconscionable. "Whether a contract or any clause of the contract is unconscionable is a matter of law for the court to decide against the background of the contract's commercial setting, purpose, and effect" (Wilson Trading Corp. v David Ferguson, Ltd., 23 NY2d 398, 403 [1968]; see Divito v Fiandach, 200 AD3d 1564, 1565 [4th Dept 2021]). "A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made—i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms [that] are unreasonably favorable to the other party" (Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988] [internal quotation marks omitted]; see Matter of Lawrence, 24 NY3d 320, 336-337 [2014], rearg denied 24 NY3d 1215 [2015]; Divito, 200 AD3d at 1565). "The procedural element of unconscionability requires an examination of the contract formation process and the alleged lack of meaningful choice. The focus is on such matters as the size and commercial setting of the transaction
. . . , whether deceptive or high-pressured tactics were employed, the use of fine print in the contract, the experience and education of the party claiming unconscionability, and whether there was disparity in bargaining power" (Gillman, 73 NY2d at 10-11).
Here, defendants failed to raise a triable issue of fact whether the agreement is unconscionable. Although they point to provisions in the agreement that they allege are unconscionable, defendants submitted no evidence in opposition to the motion and made no allegation in their answer that they lacked a meaningful choice in entering the agreement (see Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793, 793-794 [2d Dept 2012]).
We have considered defendants' remaining contentions and conclude that they do not warrant modification or reversal of the judgment.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court